**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
The Honorable A. Bruce Campbell**

| | |
|---|---|
| In re: ) | |
| ) | |
| NEIL W. ELLIOT ) | Case No. 10-31663 ABC |
| SSN: xxx-xx-0891 ) | Chapter 7 |
| Debtor. ) | |
| _____ ) | |

**RULING AND ORDERS ON TRUSTEE'S OBJECTION TO DEBTOR'S CLAIM OF EXEMPTION**

Under specified circumstances, Colorado law permits a debtor to exempt proceeds from the sale of a homestead when those proceeds are not immediately reinvested in another homestead. C.R.S. § 38-41-207. This contested matter presents a question of first impression: does the Colorado homestead proceeds exemption cover surplus proceeds paid to a debtor following a non-judicial public trustee sale?

The dispute before the Court concerns a Chapter 7 debtor's claim of exemption for certain property he owned when, on August 25, 2010, he filed this Chapter 7 case. The Chapter 7 Trustee has timely objected to the exemption of this property. The property in issue is two vehicles and a bank account.

Pursuant to 11 U.S.C. § 522(b)(1) and (3), this Debtor has claimed his exemptions under Colorado law. The Trustee has not disputed the Debtor's right to claim exemptions under Colorado law, but instead has contested the applicability of Colorado's exemption statutes to the particular property in question. That property, which the Debtor has listed on Schedule C as exempt, consists of,

– a 2000 Harley Davidson Road King motorcycle valued and exempted at $6,000;

– a 2004 Ford Ranger pickup truck valued and exempted at $4,000; and

– a Wells Fargo Bank savings account containing $35,957.68, which funds are the surplus proceeds from a public trustee foreclosure sale, held January 7, 2010, of the residence located at 3501 Alcott Street, Denver, Colorado, and claimed as entirely exempt (the "Bank Account").

The Colorado exemption statutes under which the Debtor seeks to withdraw the subject property from this bankruptcy estate as exempt are these:

– <u>Colorado Revised Statutes § 13-54-102</u>. <u>Property exempt</u> (1)...(j)(II)(A) one or more motor vehicles kept and used by any...debtor [sixty years of age or older]...in the aggregate value of ten thousand dollars.

– <u>Colorado Revised Statutes § 38-41-207</u>. <u>Proceeds exempt</u>...The proceeds from the [sale of a homestead] by the owner, or the proceeds from [the sale of a homestead under levy and execution] paid to the owner of the property or person entitled to the homestead shall be exempt from execution or attachment for a period of two years after such sale if the person entitled to such exemption keeps the exempted proceeds separate and apart from other moneys so that the same may always be identified. [Such proceeds may be carried over to a later acquired homestead in which they retain their exempt status].

The Trustee concedes in her objection that the Debtor is entitled to exempt the two vehicles. The age of the Debtor at the time of his filing bankruptcy is not seriously disputed.  He was older than sixty and is entitled to a ten thousand dollar vehicles exemption under Colorado law.  The Trustee does, however, dispute that the aggregate value of these vehicles is ten thousand dollars or less.  She objects to the claimed exemption <u>to the extent</u> the vehicles' value exceeds ten thousand dollars.

Under these circumstances the practical resolution of the vehicles exemption claim and the Trustee's objection to it is readily apparent.  The Debtor's claimed exemption of his 2004 pickup truck is allowed, but only to the extent of $4,000.  The Debtor's claimed exemption of his 2000 motorcycle is allowed, but only to the extent of $6,000.  The Trustee may liquidate these vehicles, but only at an upset price that will generate proceeds for the Debtor in the respective allowed amounts of the exemptions.

The claimed exemptions for the segregated Wells Fargo Bank Account containing surplus proceeds from the public trustee's sale of the Debtor's residence is more complicated.   The Trustee has raised one factual and two legal issues in opposition to the Debtor's effort to exempt the Bank Account.  First the Trustee contests whether, at the time of foreclosure of the residence, it was the Debtor's principal residence.  The evidence is clear: it was.  Next, the Trustee argues that, as a matter of law, the Debtor cannot exempt the Bank Account because he has not yet reinvested it in another homestead.  This contention fails as a matter of law.  The status of this account, as exempt or nonexempt, is fixed at the time the Debtor's case was filed.[1]

Finally, the Trustee argues that the Colorado homestead proceeds exemption statute applies only to sales by a homestead owner or sheriff's sales of a homestead initiated by an execution creditor, but not to public trustee foreclosure sales. There is no question that the Colorado homestead proceeds statute quoted above makes no explicit reference to proceeds from foreclosure sales. It explicitly references only proceeds from sales "by the owner" of a homestead and proceeds from sales following execution and levy on a homestead.  The bankruptcy Trustee points out that the Colorado statute simply omits – – simply fails to address – – surplus proceeds from the judicial or non-judicial foreclosure of a security instrument, i.e,. a mortgage or deed of trust, created by a homestead owner and encumbering a homestead as collateral for performance of the homestead owner's obligation.  If the Colorado legislature had intended the homestead proceeds exemption statute to extend to surplus proceeds from foreclosure of a trust deed or mortgage, it could have said so in the statute.  As the bankruptcy Trustee notes, it did not.

The Debtor maintains that foreclosure sales are, in effect and for purposes of C.R.S. § 38-41-207, sales "by the owner."  Since the owner grants the collateral interest in the homestead to the public trustee or a mortgagee, the foreclosure seller is effectively acting as the homestead owner's agent for purposes of a C.R.S. § 38-41-207 sale "by the owner."  The Court is unpersuaded by Debtor's agency analysis.  The Debtor himself points out that, under Colorado law, agency is a fiduciary relationship in which the agent acts on the principal's behalf, subject to the principal's control.  That hardly describes the relationship between a mortgagor and mortgagee or the public trustee, who acts following "election and demand" of the trust deed lender/beneficiary.

The Court is, nevertheless, persuaded that the Colorado homestead proceeds exemption statute does apply to surplus proceeds from a public trustee foreclosure sale.  Neither the Court nor counsel have identified a Colorado appellate decision dealing with this issue.  Under such circumstances this Court is to be guided

---

[1] Under 11 U.S.C. § 541(a), the bankruptcy estate is created at the "commencement of a case" and consists of property of the debtor "as of the commencement of this case."  Under 11 U.S.C. § 522(b)(1), a debtor exempts property "from property of the estate."  See, also *In re Hall,* 441 B.R. 680, 685 (10th Cir. BAP 2009).

by what it projects the Colorado Supreme Court would conclude if faced with the issue, speculating as to that Court's understanding of the intent of the Colorado legislature. See *U.S. v. DeGasso*, 369 F.3d 1139, 1145-46 (10th Cir. 2004).

As a matter of both federal and Colorado law, exemption statutes are to be liberally construed in favor of debtors. *Fleet v. Zwick*, 994 P.2d 480, 482 (Colo. App. 1999); *In re Mueller,* 282 B.R. 165, 167 (D. Kan. 1987), aff'd 867 F.2d 568 (10th Cir. 1989). When the Colorado legislature determined it would allow the owner of a homestead, by segregating proceeds, to preserve homestead rights if the proceeds were reinvested in another principal residence within a fixed two-year period, it included involuntary execution sales as well as voluntary "sales by owners." There is little reason to believe that in so extending homestead rights to surplus proceeds on voluntary or involuntary disposition of a Colorado homestead, the Colorado General Assembly intended to exclude surplus proceeds following sale under a collateral security instrument. Under Colorado law the grantee or beneficiary, respectively, under a mortgage or trust deed, could elect to sue on the secured obligation, obtain a judgment, and execute on the homestead. Any surplus proceeds resulting on a sale under execution and levy would fall expressly within the Colorado homestead proceeds exemption statute. There is no reason to think the Colorado legislature contemplated a different result where the very same creditor generated the very same surplus proceeds through the foreclosure process, as opposed to the execution process.

**Upon the foregoing findings of fact and conclusions of law, it is**

**ORDERED** that the Debtor's exemption of his 2000 Harley Davidson Road King motorcycle is allowed to the extent of $6,000, and the Trustee's objection to that exemption is sustained only to the extent that the Trustee is able to liquidate such property for an amount in excess of the Debtor's allowed exemption;

**FURTHER ORDERED** that the Debtor's exemption of his 2004 Ford Ranger pickup truck is allowed to the extent of $4,000, and the Trustee's objection to that exemption is sustained only to the extent that the Trustee is able to liquidate such property for an amount in excess of the Debtor's allowed exemption;

**FURTHER ORDERED** that the Debtor's exemption of the Bank Account is allowed in its entirety, and the Trustee's objection to that exemption is overruled;

**FURTHER ORDERED** that each party shall bear his or her own costs in this matter; and it is

**FURTHER ORDERED** that judgment shall enter forthwith in accordance with this ruling.

DATED: May 10, 2011

BY THE COURT:

_____
A. Bruce Campbell
United States Bankruptcy Judge

3